IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEBASTIAN RODRIGUEZ-CARRILLO,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>　　　　Respondent. | Case No.　CV-08-281-S-BLW<br>　　　　　　　CR-07-093-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-08-281-S-BLW).[1]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

On May 30, 2007, Movant Sebastian Rodriguez-Carrillo pled guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  (Docket No. 17).  On September 19, 2007, this Court

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-07-093-S-BLW.

1

sentenced Movant to 87 months imprisonment and three years supervised release. (Docket No. 22). Movant appealed, claiming the Court failed to adequately address 18 U.S.C. § 3553(a) sentencing factors and that the sentence was greater than necessary to accomplish the sentencing goals set forth under the statute. (Docket No. 25). On May 2, 2008, the Ninth Circuit affirmed the sentence. (Docket No. 32).

On July 7, 2008, Movant filed this Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1 in civil case). The Government filed a Response on September 15, 2008. (Docket No. 4 in civil case). Movant did not reply.

### B. Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." If none of these grounds is present, the Court may dismiss the § 2255 motion pursuant to a motion by respondent, after consideration of the

answer and motion or after consideration of the pleadings and an expanded record. *See* Rule 8 of the Rules Governing § 2255 Proceedings. The Court need not hold an evidentiary hearing if the issues can be decided based on the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**C.    Discussion**

Movant argues he is entitled to a downward departure because: (1) while generally, a district court has discretion to reduce a sentence for successful completion of a drug treatment program, as a deportable alien, Movant is ineligible to participate in such a program; and (2) as a deportable alien, Movant is ineligible for placement in a minimum security prison or a community correction center. Movant contends this violates the Fourteenth Amendment's Equal Protection Clause, the Fifth Amendment's Due Process Clause, and what he refers to as the Equal Rights Act.

In response, the Government first asserts that Movant did not preserve his claim because he failed to raise it before the Court at sentencing or on direct appeal. Generally, a person "may not collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a direct appeal." *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004). This supports the contention that Movant has forfeited his claim that his sentence violates the so-called Equal Rights

Act.

On the other hand, constitutional claims that could have been raised on appeal, but were not, may be asserted in a § 2255 motion, if Movant first establishes either cause, his innocence, or actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Movant has made no attempt to establish either cause or his innocence.

The Government asserts that Movant has likewise failed to demonstrate actual prejudice, because his sentence does not violate the Constitution's Equal Protection Clause or the Due Process Clause. The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497 (1954). "Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." *Plyler v. Doe*, 457 U.S. 202, 210 (1982). Where federal interests predominate, judicial scrutiny of alienage classifications is held to a "rational basis" standard. *McLean v. Crabtree* 173 F.3d 1176, 1186 (9th Cir. 1999). *See Mathews v. Diaz*, 426 U.S. 67, 83 (1976).

The Ninth Circuit has held that excluding deportable aliens from participation in community-based treatment programs, does not violate the

Constitution because,

> excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the [Bureau of Prison's] legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs. Therefore, the detainer exclusion survives rational basis review.

*McLean v. Crabtree*, 173 F.3d at 1186. This conclusion also applies to excluding deportable alien prisoners from early release to community confinement programs. *United States v. Franco-Saenz*, slip copy, 2007 WL 411946 at *2 (D. Ariz. 2007).

Furthermore, even if Movant had properly raised his request for a downward departure based on his alien status in the district court or on direct appeal, it is well settled that a person's status as a deportable alien does not entitle him to a downward departure. *See United States of America v. Martinez-Ramos*, 184 F.3d 1055, 1056 (9th Cir. 1999) (holding defendant who argued he was entitled to a downward departure because his alien status precluded him from minimum security incarceration or community confinement, did not qualify for downward departure "because deportable alien status is an element of the crime that was necessarily taken into account by the Sentencing Commission in crafting the offense level for a § 1326 violation."). *See also United States v. Gonzalez-Portillo*, 121 F.3d 1122 (7th Cir. 1997), *cert denied*, 522 U.S. 1061 (1998); *United States v.*

5

*Ebolum*, 72 F.3d 35 (6th Cir. 1995). While the Sentencing Guidelines are no longer mandatory, it is well within this Court's discretion to issue a sentence within the Guidelines range. *See Rita v. United States*, 551 U.S. 338, ----, (2007); *Gall v. United States*, 128 S.Ct. 586, 597 (2007); *United States v. Booker*, 543 U.S. 220 (2005).

## CONCLUSION

Movant forfeited his claim that his sentence violates the Equal Rights Act by failing to raise it at either sentencing or on direct appeal. Similarly, he has failed to demonstrate either cause, innocence, or actual prejudice pertaining to his Constitutional claims. Therefore, Movant's request for a sentence reduction does not fit any of the four categories under which a federal court may grant relief to a federal prisoner who challenges his sentence under § 2255.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Sebastian Rodriguez-Carrillo's motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in civil case) (Docket No. 34 in criminal case) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-281-S-BLW is DISMISSED with prejudice.



DATED:  **March 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge