IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SEBASTIAN RODRIGUEZ-CARRILLO, | ) ) ) | |
| Movant, | ) ) | Case No.    CV-08-281-S-BLW |
| | | CR-07-093-S-BLW |
| v. | ) ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Court previously dismissed Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1).  *See Memorandum Decision and Order* (Docket No. 5); *Judgment* (Docket No. 6).  Movant has now filed a second § 2255 Motion (Docket No. 7) alleging the exact same grounds for relief and apparently using the same form. Accordingly, it was docketed as a Motion to Reconsider the dismissal of his initial § 2255 Motion.

"Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual

record; and (3) need to correct a clear error or to prevent manifest injustice."

*Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007).  The motion to

reconsider does not fall within any of these three categories.  Accordingly, it must

be denied.

Even if the motion were considered to be a new § 2255 motion, it would be

subject to dismissal as a second or successive § 2255 motion pursuant to 28 U.S.C.

§ 2255(h) as it has not been certified by the Ninth Circuit to contain newly

discovered evidence sufficient to establish by clear and convincing evidence that

no reasonable fact-finder would have found movant guilty of the offense or a new

rule of constitutional law made retroactive to cases on collateral review by the

Supreme Court that was previously unavailable.  Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that Movant's Motion to

Reconsider (Docket No. 7) is DENIED.

DATED:  **June 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge